UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PROJECT X ENTERPRISE, INC.**,
dba **NINA SKY PRODUCTIONS**,
a Michigan corporation,

    Plaintiff,         Case No. 14-cv-10761
                 Hon. Gerald E. Rosen
v.

**FARES KARAM**,

    Defendant.
_____/

**STARS ON TOUR, INC.**,
a Pennsylvania corporation,

    Plaintiff,         Case No. 14-cv-10769
                 Hon. Gerald E. Rosen
v.

**ZAVEN JAVERIAN**
and **FARES KARAM**,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS, OR IN THE ALTERNATIVE TO QUASH DECLARATION OF SERVER, FOR INSUFFICIENT PROCESS AND <u>INSUFFICIENT SERVICE OF PROCESS</u>**

## I. INTRODUCTION

These related actions stem from an alleged agreement between two concert organizers, Plaintiffs Stars on Tour, Inc. and Project X Enterprise, Inc., and a performer, Defendant Fares Karam, for Karam to tour exclusively in the United States in 2014 with Plaintiffs.  According to Plaintiffs, Karam reneged on these agreements and entered instead into a similar agreement with Defendant Zaven Javerian.  Presently before the Court are two nearly identical motions -- one filed in each action -- challenging the sufficiency of service.  Having reviewed and considered Defendants' Motions and supporting briefs, Plaintiffs' Responses, and the entire record of these matters, the Court has determined that the relevant allegations, facts, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process.  Therefore, the Court will decide this matter "on the briefs."  See Eastern District of Michigan Local Rule 7.1(f)(2).

## II. FACTS RELATED TO SERVICE OF PROCESS

Plaintiffs commenced these actions on February 19, 2014.  Three days later, on February 22, 2014, Plaintiffs' process server, William Brady, purportedly effectuated service at the Henry Hotel in Dearborn, Michigan. (Ex. A to Defs' Mtn., Dkt. ## 6-2 & 6-3; Ex. A to Plfs' Resp., Dkt. # 10, at ¶¶ 5-16).[1]  Upon

---

[1] Except where noted, the Court's record citations are to the *Project X* matter.

entering the hotel, Brady informed the hotel's front desk that he had legal papers for Karam and Javerian -- guests at the hotel. (Ex. A to Plfs' Resp., Dkt. # 10, at ¶ 8; Ex. 8 to Plfs' Resp. in *Stars on Tour*, Dkt. # 6, at ¶ 8). An individual at the front desk confirmed that Defendants were guests, and a security guard then escorted Brady to their respective rooms. (*Id.* at ¶¶ 9-12; Ex. 8 to Plfs' Resp. in *Stars on Tour*, Dkt. # 6, at ¶ 9-12). Once there, the security guard somehow "verified" that the Defendants were "in the [respective] room[s.]" (*Id.* at ¶ 12; Ex. 8 to Plfs' Resp. in *Stars on Tour*, Dkt. # 6, at ¶ 12). Brady could also "hear other people in the room[s]." (*Id.*). The security guard informed Brady that Brady could not enter because each room had a "Do Not Disturb" sign, so Brady "slid the documents under [each] door" and said "You have been served" "in a loud voice." (*Id.* at ¶¶ 13-14; Ex. 8 to Plfs' Resp. in *Stars on Tour*, Dkt. # 6, at ¶¶ 13-14). The respective Return of Service forms reflect that Brady served Defendants "personally" at the Henry Hotel. (Dkt. #3; Dkt. # 4 in *Stars on Tour*). Both Defendants have filed affidavits in support of their Motions indicating that they were "not personally served with a copy of any lawsuit or any other documents related to this lawsuit." (Ex. C to Def's Mtn., Dkt. #6-4; Ex. C to Def's Mtn. in *Stars on Tour*, Dkt. # 5-4).

3

## III. DISCUSSION

### A. The Standards Governing Defendants' Motions

Generally, a court may not exercise power over an individual named as a defendant absent service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). It is Plaintiffs' burden to demonstrate proper service. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *see also Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994) (Cook, J.). Courts have broad discretion to dismiss an action that involves improper service. *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). Nevertheless, dismissal is not invariably required where service is ineffective -- under such circumstances a court has discretion to either dismiss the action or quash service but retain the case for proper service later. *Frederick*, 153 F.R.D. at 123.

The service of a summons and complaint in a federal suit is governed by Federal Rule of Civil Procedure 4. This Rule provides different ways for a plaintiff to serve a defendant within a judicial district of the United States. The pertinent portion provides that a party may effectuate service by:

    (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

    (2)    doing any of the following:

    (A)    delivering a copy of the summons and of the complaint to the individual personally;

    (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). As to Rule 4(e)(1), the relevant Michigan state law provides that an individual may be served by:

    (1)    delivering a summons and a copy of the complaint to the defendant personally; or

    (2)    sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A).

**B.    Plaintiffs Failed to Properly Serve Defendants**

The issues presented by Plaintiffs' purported service are not complex: Plaintiffs have the burden to show that Brady either: (1) personally served Defendants in compliance with Federal Rules of Civil Procedure 4(e)(2)(A) or 4(e)(1) (incorporating Michigan's personal service rule); or (2) served Defendants by leaving a copy of the papers at Defendants' "dwelling or usual place of abode

5

with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Plaintiffs have not satisfied this burden.[2]

As to Plaintiffs' purported personal service, it is well-established that personal service does not require "in hand" delivery and acceptance of the papers. *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 36 (D.D.C. 2006); *United States v. Miller*, 2007 WL 3173362, at *2 (E.D. Mich. Oct. 29, 2007) (Cohn, J.). It is enough that a process server leaves the summons and complaint "within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009). Put differently, "[w]here a defendant attempts to avoid service *e.g.* by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant." *Id.* (citation omitted); *see also* 4A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1095 (3d ed.) (collecting cases).

---

[2] The Court would also be remiss to not point out that Plaintiffs' respective Responses, while full of generalized statements of the law, do not cite a single case in support of their position that service was proper. The Court fully expects that this will not be the standard going forward, lest Plaintiffs' counsel desire to tread down the path of advocacy that is zealous, but less than effective.

Though cognizant that the service rules must be liberally construed when a defendant has received actual notice of a lawsuit, *Rovinski v. Rowe,* 131 F.2d 687 (6th Cir.1942), the Court finds that Plaintiffs have not satisfied their burden of establishing personal service. Brady did not make visual or verbal contact with Defendants, and instead just relied upon a security guard's verification that Defendants were "in the room" when he slipped the papers under the respective room doors. There is no record evidence indicating how the guard so verified, or alternatively, how Brady was able to distinguish Defendants' voices from the "other people in the room" sufficient to conclude that he properly served Defendants. Without sight of Defendants or acknowledgement by them that they were in their respective rooms, it is not clear that Brady was within Defendants' "immediate proximity" or that Defendants knew they were being served. Indeed, Defendants expressly deny that they were served. Accordingly, Plaintiffs have not established that they personally served Defendants in accordance with Federal Rule of Civil Procedure 4(e).

In the alternative, Plaintiffs argue that Brady complied by Federal Rule of Civil Procedure 4(e)(2)(B). The plain language of this rule contemplates service if papers are left: (1) at the person's "dwelling or usual place of abode;" *and* (2) "with someone of suitable age and discretion who resides there." Because Plaintiffs have clearly not established the second element, the Court need not

determine whether the Henry Hotel was Defendants' "dwelling or usual place of abode" at the time of service.[3] There is no indication that Brady left the papers with someone who was both of a "suitable age and discretion" *and* who resided at the Henry Hotel. Simply shoving papers under a closed room door at a hotel based upon the representations of a security guard and hearing the unidentified voices of others, without more, falls short of compliance with Federal Rule of Civil Procedure 4(e)(2)(B).

The Court will not, however, grant Defendants' request to dismiss Plaintiffs' Complaints with prejudice. It is this Court's general practice regarding improper service of process motions to permit a plaintiff to cure a procedural deficiency. *Rojek v. Catholic Charities, Inc.,* 2009 WL 3834013, at *3 (E.D. Mich. Nov.16, 2009) (Rosen, C.J.) ("Courts have broad discretion to dismiss an action that

---

[3] For what it is worth, there is no record evidence -- and Plaintiffs advance contradictory arguments -- on this issue. At one point, they admit that the Henry Hotel was not Defendants' "usual place of abode." (Plf's Resp., Dkt. # 10, at 4). Elsewhere, they expressly frame one of their arguments as "whether a hotel room rented for a weekend for an out of country artist can be deemed 'a usual place of abode.'" (*Id.* at 2). There is, to be sure, case law support for the notion that a hotel may be considered a "dwelling or usual place of abode" "if it is shown that the defendant is permanently residing there or it appears that the hotel is the defendant's primary place of residence. However, the cases make it clear that a temporary residence at the time of service is not a person's dwelling place or usual place of abode when a more permanent residence is shown to exist." 4A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1096 (3d ed.) (collecting cases); *see also Zhou v. Peng*, 2002 WL 1835608, at *10 (S.D.N.Y. Aug. 8, 2002) *vacated in part on other grounds*, 286 F. Supp. 2d 255 (S.D.N.Y. 2003) (five day stay at hotel bore "none of the indicia of permanence . . . [Plaintiff's] visit to the Waldorf Towers was not episodic; it was a unique and momentary event").

involves improper service. Nevertheless, dismissal is not invariably required where service is ineffective -- under such circumstances a court has discretion to either dismiss the action or quash service but retain the case for proper service later."); *see also Stern v. Beer,* 200 F.2d 794, 795 (6th Cir. 1952) ("[I]f the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later.").

Therefore, the Court will grant leave to Plaintiffs to properly serve Defendants within 60 days. To the extent Plaintiffs argue that they "will not have another chance to serve [Plaintiffs] . . . in Michigan or anywhere in the United States," (Plfs' Resp., Dkt. # 10, at 4), Federal Rule of Civil Procedure 4 provides several alternatives to personal service, including those alternatives set forth in the provision governing service of an individual in a foreign country. In so holding, the Court expresses no opinion as to whether this Court has personal jurisdiction over Defendants -- especially in light of the Supreme Court's two most recent decisions on general and specific jurisdiction. *See Daimler AG v. Bauman*, 134 S.Ct. 746 (2014) and *Walden v. Fiore*, 134 S.Ct. 1115 (2014).

### IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, or in the Alternative to Quash Declaration of Server, for Insufficient Process and

9

Insufficient Service of Process in *Project X. Enterprise, Inc. v. Fares Karam*, 14-cv-10761, (Dkt. #6) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss, or in the Alternative to Quash Declaration of Server, for Insufficient Process and Insufficient Service of Process in *Stars on Tour, Inc. v. Zaven Javerian and Fares Karem*, 14-cv-10769 (Dkt. #5) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiffs may have leave to properly serve Defendants Karam and Javerian with process within 60 days. If Plaintiffs do not properly serve Defendants during that time, the Court will enter an order dismissing Plaintiffs' Complaints without prejudice.

**IT IS SO ORDERED.**


Dated: July 10, 2014          s/Gerald E. Rosen
                              Chief, Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2014, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135